[Civ. No. 2793.   First Appellate District, Division Two.—June 19, 1919.]

## E. W. DOUGHTY, as Trustee, etc., Appellant, v. FRANK MOORS, Respondent.

[1] VENDOR AND VENDEE—PURCHASE OF PROPERTY OF INSOLVENT COR-PORATION—PAYMENT OF PERSONAL DEBTS OF OFFICER—LIABILITY TO TRUSTEE IN BANKRUPTCY.—Where, pursuant to an agreement with the president· and manager of a corporation, who is . also the owner of all its capital stock, with the exception of one share, for the purchase of the property of such corporation, and without knowledge of its insolvent condition, a person, in addi-tion to paying a certain sum to the corporation, pays ·off and discharges certain personal debts of such president and manager covering money borrowed by him for the use of the corporation, upon the adjudication of such corporation a bankrupt within four months thereafter, such person cannot be held liable a second time to the trustee in bankruptcy, there being no charge of fraud and no attempt to rescind the contract of sale.

[2] ID.—SATISFACTION OF LIABILITY TO SELF—SUBSEQUENT LIABILITY TO TRUSTEE.—The fact that one of the amounts of the indebted-ness so discharged was a note payable to himself would not make such person liable a second time to the trustee in bankruptcy.

APPEAL from a judgment of the Superior Court of Napa County. Henry C. Gesford, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wallace Rutherford, E. L. Webber, and U'Ren, Beard & Linn for Appellant.

George Clark for Respondent.

HAVEN, J.—Plaintiff is the trustee in bankruptcy of the Electric and Garage Company, a corporation. As such trustee he brought this suit to recover from the defendant an alleged balance of the purchase price of certain real property, improvements thereon and equipment of a garage business, agreed to be purchased by the defendant from said corporation within four months prior to its adjudication in bankruptcy. The judgment was for the defendant, from which plaintiff appeals. It is alleged in the complaint that

the defendant agreed to buy the real and personal property above referred to for the sum of $9,192.93, of which the sum of five thousand five hundred dollars had not been paid, and for which latter sum plaintiff prayed judgment. The court found that, with the exception of the formal denials of the corporate character and bankruptcy of the corporation, and the appointment of plaintiff as trustee, all the allegations of defendant's answer were true, and all denials therein contained were true denials. Among these are allegations that the consideration for the agreement of purchase, referred to in plaintiff's complaint, was not the payment of $9,192.93 in cash, as alleged by plaintiff, but was an assumption by the defendant of an indebtedness against the real property purchased in the sum of three thousand six hundred dollars, an agreement by the defendant to pay two thousand dollars in cash, a further agreement by defendant to release one Armstrong from an obligation to said defendant in the sum of two thousand dollars, and a still further agreement by the defendant whereby he guaranteed payment of a promissory note in the sum of one thousand five hundred dollars, which had theretofore been executed by C. W. Crouch and J. R. Clark. The said C. W. Crouch was the president and general manager of the corporation whose property was purchased by the defendant, and was also the owner of all its capital stock, with the exception of one share. The dealings of the defendant were all had with said Crouch as such president and general manager. The answer further alleges that the defendant paid to the corporation all sums of money agreed by him to be paid and fully performed all of the undertakings which he agreed to perform in consideration of the transfer by said corporation to him. The finding of the trial court that these allegations are true is supported by sufficient evidence.

[1] Appellant concedes that there is no material dispute as to the facts of the case, but insists that, inasmuch as the defendant testified that he was purchasing the property from the corporation, it was his duty to make payment to that corporation, and that payments made by him on personal obligations of the officers of the corporation cannot be credited on account of the purchase price. It is not alleged that the defendant knew at the time of his purchase that

the corporation was insolvent. Waiving the question as to the right of a purchaser from a corporation, without knowledge of its insolvency, to apply the agreed purchase price in accordance with the terms of a contract made with its president and general manager, it appears from the testimony that both of the payments, to which objection is made by appellant, were made in discharge of debts of the president and manager, Crouch, and covered moneys borrowed by him for the use of the corporation. Under such circumstances, it would indeed be a harsh rule which would compel the purchaser of corporate property to make a second payment to the trustee of a bankrupt corporation, for the reason that in making his first payment he had complied with the request of the president and general manager, and applied a portion of the purchase price to the discharge of personal debts incurred for the benefit of the corporation. [2] The fact that one of the amounts of the indebtedness so discharged was a note payable to the defendant himself does not make him liable a second time to the plaintiff in this action.

The complaint contains no charge of fraud, and does not attempt to rescind the contract of sale. On the contrary, the demand of plaintiff for the payment of an alleged balance of the purchase price is an express affirmance of the contract. The finding of the trial court is specific to the effect that defendant has fully performed all obligations resting upon him under the contract as made. This finding is not assailed and cannot be under the evidence. Having once performed, defendant cannot be held liable a second time to a trustee in bankruptcy who does not seek to set aside the contract.

The judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 18, 1919.

All the Justices concurred.